# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-0065V

| | |
|---|---|
| JONATHAN TURNQUEST,<br><br>      Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>      Respondent. | Chief Special Master Corcoran<br><br>Filed: December 26, 2024 |

*Edward M. Kraus*, Kraus Law Group, LLC, Chicago, IL, for Petitioner.

*Katherine Carr Esposito*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On January 5, 2021, Jonathan Turnquest filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"), alleging that he suffered a Shoulder Injury Related to Vaccine Administration ("SIRVA") as a result of an influenza vaccine he received on August 15, 2020. Petition, ECF No. 1 at 1. On July 2, 2024, I issued a ruling finding Petitioner entitled to compensation and decision awarding damages following briefing and expedited Motions Day argument by the parties. ECF No. 46.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $40,883.03 (representing $40,218.20 for fees and $664.83 for costs). Petitioner's Motion for Attorneys' Fees and Costs, filed Sept. 23, 2024, ECF No. 53. In accordance with General Order No. 9, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. ECF No. 53-4.

Respondent reacted to the motion on July 1, 2024, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion ("Response") at 2-3, 3 n.2, ECF No. 54. Petitioner filed no reply.

I have reviewed the billing records submitted with Petitioner's request and find reductions in the amount of fees and costs to be awarded appropriate, for the reason stated below.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours

2

that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations, and will therefore be adopted.

Regarding the number of hours billed, I deem the *total* amount of time devoted to briefing entitlement and damages to be excessive - although not egregiously so. *See* Petitioner's Motion for Ruling on the Record and Brief Regarding Damages, filed May 31, 2023, 2023, ECF No. 39; Petitioner's Reply Brief, filed July 21, 2023, ECF No. 42; Minute Entry, dated June 28, 2024 (for June 28, 2024 expedited hearing). Petitioner's counsel expended approximately 20.1 hours drafting the entitlement and damages brief and 10.9 hours drafting the responsive entitlement and damages brief, totaling 31.0[3] hours. ECF No. 53 at 10-11.

My above calculation does not include time spent communicating with Petitioner and preparing additional supporting documentation such as affidavits or signed declarations, which is being awarded in full. *See,* e.g., ECF No. 53 at 10 (entry dated 6/1/23 – 0.2 hours).

Given that briefing was required for both entitlement and damages in this case, I would expect Petitioner's counsel to expend additional time to finalize any briefing. However, the time billed in this case still exceeds what that total would be.[4] Thus, I find

---

[3] These totals are calculated as follows: 29.9 hours billed on 5/8/23, 5/17/23, 5/22/23, 5/24/23, 5/25/23, 5/30/23 (three entries), 5/31/23, 6/30/23 (three entries), 7/19/23, 7/20/23 (two entries), 7/21/23 (two entries), billed at a rate of $436 by Amy Kraus and 1.1 hours billed on 5/31/23 7/20/23, and 7/21/23, billed at a rate of $497 by Ed Kraus. ECF No. 53 at 10-11.

[4] *See,* e.g., *Schwalm v. Sec'y of Health & Hum. Servs.*, No. 21-0066V (Dec. 2, 2024) (12.2 and 6.9 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Stanton v. Sec'y of Health & Hum. Servs.*, No. 21-0360V (Nov. 25, 2024) (15.9 and 4.5 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Hirsch v. Sec'y of Health & Hum. Servs.*, No. 20-1110V (Nov. 25, 2024) (16.0 and 4.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Templin v. Sec'y of Health & Hum. Servs.*, No. 21-1446V (Nov. 25, 2024) (12.0 and 0.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively) *Kleinschmidt v. Sec'y of Health & Hum. Servs.*, No. 20-0680V (Apr. 9, 2024) (13.9 and 4.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Amor v. Sec'y of Health & Hum. Servs.*, No. 20-0978V (Apr. 10, 2024) (11.9 and 2.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief,

that a lower reduction of 10 percent (rather than the 30 percent I commonly apply)[5] is warranted. Accordingly, I will reduce the sum to be awarded for damages briefing (**a total of 31.0 hours, or $13,583.10)** by *ten percent*. Such an across-the-board reduction (which I am empowered to adopt)[6] fairly captures the overbilling evidenced by this work, without requiring me to act as a "green eye-shaded accountant" in identifying with specificity each objectionable task relevant to this one sub-area of work performed on the case. **This results in a reduction of $1,358.31.**[7]

## ATTORNEY COSTS

Furthermore, Petitioner has provided supporting documentation for all claimed costs.[8] ECF No. 53 at 22-45. And Respondent offered no specific objection to the rates or amounts sought. I have reviewed the requested costs and find them to be reasonable.

---

respectively); *McGraw v. Sec'y of Health & Hum. Servs.*, No. 21-0072V (Apr. 1, 2024) (17.4 and 9.6 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Wilson-Blount v. Sec'y of Health & Hum. Servs.*, No. 21-1400V (Oct. 25, 2023) (14.2 and 7.4 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Bidlack v. Sec'y of Health & Hum. Servs.*, No. 20-0093V (Oct. 25, 2023) (9.4 and 6.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Johnson v. Sec'y of Health & Hum. Servs.*, No. 19-1543V (Aug. 17, 2023) (17.8 and 9.7 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Piccolotti v. Sec'y of Health & Hum. Servs.*, No. 20-0135V (June 8, 2023) (11.6 and 3.8 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively); *Merson v. Sec'y of Health & Hum. Servs.*, No. 18-0589V (May 18, 2023) (9.8 hours billed for drafting an entitlement and damages brief – although some time was doubtlessly saved by my March 9, 2020 factual ruling finding an appropriate pain onset); *C.H. v. Sec'y of Health & Hum. Servs.*, No. 20-0249V (May 16, 2023) (12.9 and 6.1 hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief, respectively). These decisions can (or will) be found on the United States Court of Federal Claims website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc (last visited Dec. 6, 2024).

[5] *See,* e.g. *Brantley-Karasinski v. Sec'y of Health & Hum. Servs.*, No. 20-1058V, 2024 WL 1912574 (Fed. Cl. Spec. Mstr. Nov. 25, 2023) (reducing by 30 percent the hours billed for drafting an entitlement and damages brief and responsive entitlement and damages brief - 21 and 19.1, respectively).

[6] Special masters are permitted to employ percentage reductions to hours billed, provided the reduction is sufficiently explained. *See,* e.g., *Abbott v. Sec'y of Health & Hum. Servs.,* 135 Fed. Cl. 107, 111 (2017); *Raymo v. Sec'y of Health & Hum. Servs,* 129 Fed. Cl. 691, 702-704 (2016); *Sabella v. Sec'y of Health & Hum. Servs.,* 86 Fed. Cl. 201, 214 (2009).

[7] This amount is calculated as follows: (29.9 hrs. x $436 x .20) + (1.1 hrs. x $497 x .20) = $1,358.31.

[8] I note that at least one expense is not included on Petitioner's overall list of attorney's costs, but it is included in the total and sufficient documentation has been provided. ECF No. 53 at 40-45.

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). **I award a total of $39,524.72 (representing $38,859.89 for fees and $664.83 for costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel, Edward Kraus.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[9]

**IT IS SO ORDERED.**

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

---

[9] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.